**DATES v. MORGAN'S LA. & TEX. R. R. & S. S. CO.**

(March 23, 1931. Opinion and Decree.)
(April 13, 1931. Rehearing Refused.)
(May 25, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

Denegre, Leovy & Chaffe, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Treating this appeal, which was taken in the name of Richard Dates, as authorizing our consideration of a judgment rendered against Arthur Dates, a view of the situation which, considering that no formal motion was made to dismiss the appeal, is perhaps the proper one, we discover from the record that there is involved in this suit a claim by Arthur Dates against the Morgan's Louisiana & Texas Railroad & Steamship Company originally under the Compensation Act and subsequently by supplemental pleadings under the Federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65, as amended [45 USCA secs. 51-59]), for damages alleged to have been suffered as a result of an alleged injury said to have occurred on February 26, 1926, at a time when the plaintiff, Dates, was employed as a laborer in connection with the repair of certain tracks of the defendant.

The allegations of the petition are to the effect that plaintiff was injured while engaged in the repair of the tracks, due to the slippery footing in the locality, which caused him to fall while picking up a jack weighing 90 pounds, and resulted in a "Diastassis of the Latissemus Dorsi muscle on the right side of his body, that is the large flat muscle on the right side of his body just above and to the right of the groin is separated, caused by a severe strain. This condition has caused continuous pain and will require a binder to keep the rupture in place."

The defendant admitted that plaintiff was its employee at the time of the alleged accident, but denied that any accident occurred, and, in the alternative, pleaded contributory negligence and assumption of risk.

The record discloses that plaintiff has failed to prove accidental injury. Beyond his own statement, there is nothing in the record to support his claim. The foreman in charge of the gang and a fellow employee working with plaintiff testified that they knew nothing of the alleged accident. He was treated by the defendant's physician a few days after the date he claimed to have been injured for illness without his mentioning any injury. He was sent to a hospital by this physician, but gave no history of accidental injury at first, and, when he later claimed to have been hurt, he was subjected to a thorough physical examination without revealing any evidence to that effect.

Our conclusion is that plaintiff has failed to establish the accident upon which his claim is based; consequently; and for the reasons herein assigned, the judgment appealed from is affirmed.